UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RODOLFO JULIAN ESCALANTE-
MARTINEZ,
          *Defendant-Appellant.*

No. 03-4284

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-02-23)

Submitted: November 26, 2003

Decided: December 23, 2003

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Rodolfo Julian Escalante-Martinez pled guilty to producing false United States Social Security cards, in violation of 18 U.S.C. § 1028(a) (2000), and possession of unauthorized material to produce resident alien cards and alien employment authorization cards, in violation of 18 U.S.C.A. § 1546(a) (West Supp. 2003). The district court sentenced him to thirty months in prison. Under the terms of his plea agreement, Escalante-Martinez waived the right to appeal his conviction and sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Escalante-Martinez's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in his opinion, there were no meritorious issues for appeal. Although concluding that such allegations lacked merit, counsel asserted claims of prosecutorial misconduct and ineffective assistance of counsel. Escalante-Martinez has been informed of his right to file a pro se supplemental brief, but has not done so. We affirm Escalante-Martinez's convictions and sentence.

A defendant may waive his right to appeal if the waiver is knowing and voluntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Our review of Escalante-Martinez's guilty plea hearing, conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure, discloses that Escalante-Martinez's waiver of his appeal rights was knowing and voluntary.

To the extent that Escalante-Martinez asserts prosecutorial misconduct, his claims are not supported by the record. Furthermore, ineffective assistance of counsel claims are not considered on direct appeal unless counsel's ineffectiveness conclusively appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). Because the record does not conclusively establish that counsel

was ineffective, any such claims are more appropriately raised in a 28 U.S.C. § 2255 (2000) motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Escalante-Martinez's convictions and sentence. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*